FILED 23 JUN '25 11:14USDC-ORP

Kenneth Edward Hayden
11520 SW Zurich St Apt 208
Wilsonville, OR 97070
(971) 424-4811
kennyhayden19@gmail.com

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORLAND DIVISION

| | |
|---|---|
| KENNETH EDWARD HAYDEN, | Civil Action No. 3:25-cv-1076 JR |
| Plaintiff, | COMPLAINT |
| vs. | DEMAND FOR JURY TRIAL |
| CASCADE AIDS PROJECT, | Violation of the Fair Housing Act, Violation of Section 504 of the |
| Defendant. | Rehabilitation Act, Violation of Oregon Fair Housing Law, Violation of the Violence Against Women Act |

## COMPLAINT

Comes now, the Plaintiff KENNETH EDWARD HAYDEN ("Plaintiff"), hereby files this

Complaint against Defendant, CASCADE AIDS PROJECT ("Defendant"), and alleges the

following:

## I. INTRODUCTION

1. This is a civil rights action alleging that Defendant, a non-profit organization administering federally funded housing programs for persons with HIV/AIDS, engaged in discriminatory practices in processing Plaintiff's housing applications. Plaintiff, an individual diagnosed with HIV in 2020 who met the eligibility criteria for the HIV voucher program by submitting Kaiser Permanente medical records (with retained proof of submission), has repeatedly complied with all application requirements and maintained continuous communication. Despite his efforts—including numerous emergency disclosures regarding imminent danger and worsening abuse—Defendant failed to

process his application and provide safety measures, leaving Plaintiff houseless and exposed to severe harm, including domestic violence.

## II. JURISDICTION AND VENUE

2. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Housing Act (FHA), 42 U.S.C. § 3604; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; and the Violence Against Women Act (VAWA), 34 U.S.C. § 12471 et seq.

3. Supplemental jurisdiction over Plaintiff's state-law claims is asserted under 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Defendant is located in Portland, Oregon, and a substantial part of the events giving rise to this Complaint occurred in this district.

## III. PARTIES

5. Plaintiff Kenneth Hayden is a resident of Portland, Oregon, living with HIV since his 2020 diagnosis and has diligently sought housing assistance under Defendant's federally funded programs.

6. Defendant Cascade AIDS Project is a non-profit organization based in Portland, Oregon, that administers federally funded housing programs for individuals with HIV/AIDS.

## IV. FACTUAL ALLEGATIONS

7. In 2020, Plaintiff was diagnosed with HIV and promptly began applying for housing programs administered by Defendant. Plaintiff met the eligibility criteria by submitting required documentation, including medical records from Kaiser Permanente (which Plaintiff has retained as proof of submission).

8. Plaintiff attended all scheduled in-person and telephonic case management appointments and maintained continuous communication with Defendant's case managers.

9. Despite Plaintiff's earnest compliance, Defendant consistently neglected and delayed processing Plaintiff's housing applications, even requiring him to reapply, while later applicants received prompt approvals under the identical HIV voucher program.

    *Upon information and belief, Defendant's inaction was not due to neutral policy or capacity constraints, as comparators under identical conditions received timely housing assistance.*

10. As a direct result of Defendant's arbitrary and discriminatory practices, Plaintiff has endured severe harms, which can be categorized as follows:

    **(a) Health Impacts:** Development of intravenous drug addiction; life-threatening infections and hospitalizations exacerbated by Plaintiff's HIV status; physical injuries including a contusion sustained in domestic violence.

    **(b) Economic/Social Impacts:** Accumulation of significant debt, unemployment, disruption of educational opportunities, and legal troubles; loss of vital support systems.

    **(c) Safety Impacts:** Repeated police dispatches to Plaintiff's temporary addresses (at least 15 times at 5434 SE Milwaukie Ave, Apt. 302, Portland, OR in 2021-2022, and 10 times at 11520 SW Zurich St., Apt. 208, Wilsonville, OR in 2023-2024), forcing Plaintiff into dangerous living conditions and, ultimately, a return to an abusive environment.

11. Plaintiff preserves evidence of these harms, including text messages, emails, medical records, school records, credit reports, and police reports.

12. In 2023, during a visit to Defendant's office, Plaintiff presented with a visible contusion to his left eye. He explicitly informed Defendant that the contusion resulted from domestic violence, making them aware of his status as a survivor; however, Defendant recorded his information as a new client instead of expediting his existing case.

13. In the subsequent period, Plaintiff escalated his emergency disclosures. In August 2024, Plaintiff emailed Grace Haggerty stating that "the abuse was getting worse" and highlighted that other similar cases had received timely housing assistance. Then, on

September 5, 2024, Plaintiff sent an email to Grace Haggerty disclosing that he was forced into prostitution as a means to escape his abusive living situation and explicitly stating "I am in danger." Plaintiff has preserved copies of these emails as evidence.

14. Plaintiff further informed Defendant, through repeated communications in person and via email, of the repeated police calls to his temporary addresses and that he was unable to answer the door due to an active warrant resulting from houselessness-related drug and other issues.

15. Defendant provided only a three-day motel voucher, and later informed Plaintiff that voucher funding had run out – offering no alternative safety measures. As a result, Plaintiff was forced to return to the abusive environment he had desperately tried to escape.

16. Plaintiff asserts that he, along with named comparators Levi Gillette, Cody Christiansen, and Cody Devine—all of whom have similar concerns, are demographically similar, and applied for the exact same HIV voucher program—received housing assistance within one to four months from their application, while Plaintiff remained continuously neglected despite his repeated emergency pleas.

## V. CLAIMS FOR RELIEF

### Count I – Violation of the Fair Housing Act (42 U.S.C. § 3604)

17. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16.

18. The Fair Housing Act prohibits discrimination in housing on the basis of disability, including HIV status. Plaintiff's HIV-positive status is a protected disability. Defendant's failure to process Plaintiff's applications, its repeated requirement for reapplication, misclassification of Plaintiff as a new client despite his documented domestic violence injury, failure to follow up on a Kaiser recommendation, and its inaction in providing alternative safety measures after voucher funding ran out—coupled with over ten emergency emails (including the September 5, 2024, email disclosing prostitution and "I

am in danger," and the August 30, 2024, email stating "the abuse was getting worse" and referencing similar housed cases), and the prompt housing of comparators (Levi Gillette, Cody Christiansen, Cody Devine) within one to four months—collectively demonstrate that Plaintiff's immediate, qualifying, and dangerous needs were disregarded. These acts constitute disparate treatment and violate the FHA.

(See Paragraphs 7-10, 12-16, and 17-18.)

19. As a proximate result of Defendant's discriminatory acts, Plaintiff has suffered significant economic losses, emotional distress, and physical harm, and is entitled to compensatory and punitive damages, as well as injunctive relief.

**Count II – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**

20. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16.

21. Section 504 prohibits discrimination on the basis of disability in programs receiving federal financial assistance. By administering federally funded housing programs, Defendant is subject to Section 504. Defendant's arbitrary denial and failure to process Plaintiff's housing applications—evidenced by the prompt housing of comparators, depletion of motel voucher funding without alternatives, misclassification during a domestic violence incident, failure to act on a Kaiser recommendation, and ignoring over ten emergency emails in August and September 2024 along with the preserved Kaiser records proving Plaintiff's HIV status—demonstrate that Plaintiff was excluded from benefits on the basis of his disability.

(See Paragraphs 7-10, 12-16, 17-18, and 13.)

22. As a result, Plaintiff has suffered substantial damages and is entitled to compensatory damages, injunctive relief, and fees under Section 504.

**Count III – Violation of Oregon Fair Housing Law (ORS 659A.421)**

23. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16.

24. Oregon's Fair Housing Law provides robust protection against housing discrimination on the basis of disability. Defendant's failure to process Plaintiff's applications and its disparate treatment—evidenced by the timely housing of similarly situated comparators, misclassification despite domestic violence disclosure, depletion of voucher funding without alternative safety measures, and ignoring dated emergency emails and eligibility proof—violate Oregon's Fair Housing Law.

    (See Paragraphs 7-10, 12-18, and 17 above for email disclosures and comparator details.)

25. As a proximate result of Defendant's actions, Plaintiff has incurred severe economic and emotional harm and is entitled to compensatory and punitive damages, injunctive relief, and fees under Oregon law.

**Count IV – Violation of the Violence Against Women Act (34 U.S.C. § 12471 et seq.)**

26. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16.

27. VAWA provides specific housing protections for survivors of domestic violence in federally funded programs and prohibits the denial of such assistance. Defendant, as an administrator of these programs, is subject to VAWA requirements.

28. Defendant's failure to provide adequate housing assistance under VAWA is further evidenced by its refusal to provide alternative safety measures after voucher funding ran out; inaction on emergency email disclosures—including the September 5, 2024, email in which Plaintiff disclosed being forced into prostitution and stated "I am in danger" and the August 30, 2024, email stating "the abuse was getting worse" while referencing similar housed cases; and by ignoring Plaintiff's submission of Kaiser Permanente records as proof of his HIV-positive status for voucher eligibility. These factors, together with the prompt housing of comparators and documented police dispatches and warrant-related issues, constitute a violation of VAWA.

    (See Paragraphs 13, 19-22, and 25.)

29. As a result of Defendant's conduct, Plaintiff has suffered continued houselessness, increased risk of harm, heightened emotional distress, and physical vulnerability, and is entitled to damages and injunctive relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant relief as follows:

    A. Enter a declaratory judgment that Defendant's acts and practices, as alleged herein, violated the Fair Housing Act, Section 504 of the Rehabilitation Act, the Violence Against Women Act, and Oregon Fair Housing Law;

    B. Order injunctive relief requiring Defendant to implement fair, consistent, and non-discriminatory application procedures for its federally funded housing programs – including processing all pending applications, ceasing discriminatory practices, and complying with VAWA protections by providing appropriate housing assistance to survivors of domestic violence;

    C. Award Plaintiff compensatory damages in an estimated total amount ranging from $170,000 to $240,000, preliminarily broken down as follows:

        (1) Economic Losses: $50,000 to $70,000 (for debt, lost employment, and educational opportunities due to over five years of houselessness);

        (2) Emotional Distress: $75,000 to $100,000 (for psychological impact from prolonged houselessness, discrimination, domestic violence, and ignored emergency disclosures, including the "I am in danger" and "abuse was getting worse" emails);

        (3) Physical Harm: $45,000 to $70,000 (for health decline, hospitalizations, infections, and effects exacerbated by HIV and houselessness).

    These amounts are preliminary and subject to final determination at trial based on the evidence presented.

D. Award punitive damages for Defendant's willful, arbitrary, and discriminatory practices—including its inaction in response to dated emergency disclosures (e.g., the September 5, 2024, prostitution disclosure and "I am in danger" statement, and the August 30, 2024, account of worsening abuse), failure to act despite evidence of eligibility via Kaiser records, and comparable prompt housing for similarly situated individuals—such that total punitive awards may reasonably reach up to $490,000.

E. Award reasonable fees, costs, and expenses incurred in this action pursuant to the applicable statutes; and

F. Grant such further relief as the Court deems just and proper.

Dated: May 17, 2025

Respectfully submitted,

*/s/ Kenneth Edward Hayden*

Kenneth Edward Hayden,
Plaintiff